

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MATTHEW DAVID STYMIEST, | CIV 14-3001 |
| Petitioner, | |
| | OPINION AND ORDER |
| -vs- | |
| ROSEBUD SIOUX TRIBE, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Matthew Stymiest ("Stymiest") was charged in federal district court with assault resulting in serious bodily injury arising out of an assault which took place within the exterior boundaries of the Rosebud Indian Reservation in South Dakota, CR 08-30006. He was convicted by a jury and sentenced on September 24, 2008, to 110 months custody. He challenged his conviction and sentence, contending that he was not an Indian for the purposes of criminal jurisdiction under 18 U.S.C. § 1153. The United States Court of Appeals for the Eighth Circuit affirmed, United States v. Stymiest, 581 F.3d 759 (8th Cir. 2009), holding that, although Stymiest was not an enrolled member of an Indian tribe (he is not eligible to enroll because he does not have the requisite percentage of Indian blood), enrollment is not the only means of establishing Indian status nor is it necessarily determinative.

The Eighth Circuit held in Stymiest's direct criminal appeal that jurisdiction is proper under 18 U.S.C. § 1153 if "the defendant (1) has some Indian blood, and (2) is recognized as an Indian by a tribe or the federal government or both." United States v. Stymiest, 581 F.3d at 762 (citing United States v. Rogers, 45 U.S. 567, 572-73, 4 How. 567, 11 L.Ed. 1105 (1846)). The evidence at trial showed that Stymiest's grandfather was an enrolled member of the Leech Lake Band of Ojibwe in Minnesota. Stymiest thus has some Indian blood, although he lacks the necessary quantum of Indian blood for tribal enrollment.

I instructed the jury that, in determining whether Stymiest was recognized as an Indian by a tribe, they may consider factors including "tribal recognition formally or informally through subjecting the defendant to tribal court jurisdiction" and "whether the defendant holds himself out as an Indian." The Eighth Circuit held that "the district court properly identified two other factors relevant on the facts of this case-that the tribe exercised criminal jurisdiction over Stymiest and that Stymiest held himself out to be an Indian." United States v. Stymiest. 581 F.3d at 764 (internal citations omitted). The evidence at trial showed that Stymiest was prosecuted three times in the Rosebud Sioux Tribal Court for tribal offenses. "Each time, Stymiest pleaded no contest, did not appeal, and received a suspended sentence or spent time in the tribal jail." United States v. Stymiest, 581 F.3d at 765.

Stymiest has filed a petition for a writ of habeas corpus pursuant to 25 U.S.C. § 1303, the enforcement provision of the Indian Civil Rights Act of 1968 ("ICRA"), Pub. L. 90-284, 25 U.S.C. §§ 1301 *et seq.* He challenges the three tribal court convictions on the basis that the Rosebud Sioux Tribe did not have jurisdiction to prosecute him because he was not an Indian. He also seeks a ruling that the Rosebud Sioux Tribe does not have jurisdiction to prosecute him in the future for the conduct comprising his federal assault conviction even though his federal crime took place on the Rosebud Indian Reservation.

Petitioner filed an application to proceed *in forma pauperis*. Petitioner is indigent. Pursuant to 28 U.S.C. § 1915(b)(1), petitioner is nonetheless required to pay the statutory filing fee of $5.00 for this action. *See* 28 U.S.C. § 1914(a).

## DECISION

### A. Indian Civil Rights Act.

Section 203 of the ICRA provides that the "privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.[1] The ICRA prohibits Indian tribes from depriving

---

[1] Stymiest objects to the docket entry stating that the cause is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Prior to the effective date of the ICRA, petitioners seeking relief from trial court judgments in federal court proceeded pursuant to 28 U.S.C. § 2241. Cases seeking habeas corpus under ICRA are thus docketed as habeas corpus cases under § 2241.

any person of liberty without due process of law. 25 U.S.C. § 1302(a)(8). "[I]f a tribal court acts outside the scope of its jurisdiction, that action may constitute a due process violation." DeMent v. Oglala Sioux Tribal Court, 874 F.2d 510, 514 (8th Cir. 1989). Stymiest's claim is thus cognizable under the ICRA habeas corpus provision.

**B. Sovereign Immunity.**

"Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories. Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 509, 111 S.Ct. 905, 909 112 L.Ed.2d 1112 (1991) (internal quotation marks and citations omitted).

> Nothing on the face of Title I of the ICRA purports to subject tribes to the jurisdiction of the federal courts in civil actions for injunctive or declaratory relief. Moreover, since the respondent in a habeas corpus action is the individual custodian of the prisoner, *see, e. g.*, 28 U.S.C. § 2243, the provisions of § 1303 can hardly be read as a general waiver of the tribe's sovereign immunity. In the absence here of any unequivocal expression of contrary legislative intent, we conclude that suits against the tribe under the ICRA are barred by its sovereign immunity from suit.

Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978).

"Congress clearly has power to authorize civil actions against tribal officers, and has done so with respect to habeas corpus relief in § 1303." Santa Clara Pueblo v. Martinez, 436 U.S. at 60, 98 S.Ct. at 1678. The appropriate respondent in this case is not the Tribe. Stymiest is not in tribal custody so the appropriate respondent is not his tribal custodian. Instead, the Rosebud Sioux Tribal Court is the appropriate respondent. *See* Settler v. Yakima Tribal Court, 419 F.2d 486 (9th Cir. 1969) (the appropriate respondent in a case where there is no actual physical custodian is the court which imposed the criminal penalty) (*abrogated on other grounds*, Moore v. Nelson, 270 F.3d 789, 791-792 (9th Cir. 2001) (holding that imposition of a fine was not sufficient custody for the purposes of 28 U.S.C. 2241).

**C. Detention.**

"'Detention' by order of an Indian tribe is the sole jurisdictional prerequisite for federal habeas review." Jeffredo v. Macarro, 599 F.3d 913, 922 (9th Cir. 2010). The United States

3

Court of Appeals for the Tenth Circuit has held that "[t]he 'detention' language in § 1303 is analogous to the 'in custody' requirement contained in the [other] federal habeas statute[s]." Valenzuela v. Silversmith, 699 F.3d 1199, 1203 (10th Cir. 2012). "As with other statutory provisions governing habeas relief, one seeking to invoke jurisdiction of a federal court under § 1303 must demonstrate, under Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963), and its progeny, a severe actual or potential restraint on liberty." Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 880 (2nd Cir. 1996).

> The detention requirement is designed to limit the availability of habeas review "to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." Hensley v. Mun. Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Therefore, the inquiry into whether a petitioner has satisfied the jurisdictional prerequisite for habeas review requires a court to judge the "severity" of an actual or potential restraint on liberty.

Jeffredo v. Macarro, 599 F.3d at 923 (Wilken, District Judge, dissenting).

Petitioner is not in custody as a result of his tribal court convictions. Generally, service of a sentence makes habeas relief moot, divesting the district court of subject matter jurisdiction to decide the claim on its merits. Valenzuela v. Silversmith, 699 F.3d at 1204-05. A federal petitioner may challenge a federal court conviction and sentence by seeking a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, when the defendant is no longer in custody for the applicable conviction. United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n. 2 (8th Cir. 1996). "Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." United States v. Morgan, 346 U.S. 502, 512-13, 74 S.Ct. 247, 253, 74 L.Ed. 248 (1954). The United States Supreme Court held in Morgan that the power to remedy an invalid sentence exists by way of a writ of *coram nobis* and such writ should be available even though the sentence has been served. Id.

Likewise, a habeas case under the ICRA is not moot if the petitioner suffers "collateral consequences" arising out of the tribal court convictions. Carafas v. LaVallee, 391 U.S. 234, 237-238, 88 S.Ct. 1556, 1559, 2d L.Ed.2d 554 (1968). The question is whether "disabilities or burdens" flow from petitioner's conviction such that "he has 'a substantial stake in the judgment

of conviction which survives the satisfaction of the sentence imposed on him.'" *Id.* (*quoting* Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946)). "The mootness question presents difficult issues such as whether tribal court convictions are entitled to a presumption of collateral consequences and whether federal courts have authority under 25 U.S.C. § 1303 to vacate tribal court convictions." Valenzuela v. Silversmith, 699 F.3d at 1205 (deciding to "avoid these difficult issues by disposing of Mr. Valenzuela's appeal on a threshold issue without reaching the merits").

In this case, Stymiest's tribal court convictions provided a basis, at least in part, for determining that he was an "Indian" for the purposes of jurisdiction under 18 U.S.C. § 1153 and the resulting federal criminal conviction for assault resulting in serious bodily injury. In this case, the government was required to prove that Stymiest was recognized as an Indian by an Indian tribe. Evidence was presented that the Rosebud Sioux Tribe recognized Stymiest as an Indian by prosecuting him in tribal court. The jury was instructed that they could consider such evidence in determining whether the government had shown that the defendant was recognized as an Indian and therefore was an Indian for the purposes of federal jurisdiction. I find that Stymiest can demonstrate that he has been subjected to a severe actual or potential restraint on liberty partly as a result of his tribal court convictions.

## II. Exhaustion.

Long before the enactment of the ICRA, federal courts required petitioners seeking to attack their state court convictions and sentences pursuant to 28 U.S.C. § 2254 to exhaust their state court appellate and habeas remedies.

> It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. ss 2254(b) and (c), reflects a policy of federal-state comity, "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." We have consistently adhered to this federal policy, for "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."

5

Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal citations omitted).

Whether persons alleging violations of the ICRA are likewise required to exhaust tribal remedies before seeking habeas relief in federal court has been an evolving issue in the federal courts. Exhaustion of tribal court remedies is a threshold nonmerits issue. Valenzuela v. Silversmith, 699 F.3d at 1205 (*citing* Gonzales v. Vrosby, 545 U.S. 524, 532 n. 4, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).

In National Farmers Union Ins. Co. v. Crow Tribe of Indians, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985), the United States Supreme Court held that a non-Indian civil litigant must first exhaust tribal court remedies before seeking relief in federal court from the tribe's assertion of civil jurisdiction over the non-Indian litigant. The Supreme Court stated:

> [T]he existence and extent of a tribal court's jurisdiction will require a careful examination of tribal sovereignty, the extent to which that sovereignty has been altered, divested, or diminished, as well as a detailed study of relevant statutes, Executive Branch policy as embodied in treaties and elsewhere, and administrative or judicial decisions. We believe that examination should be conducted in the first instance in the Tribal Court itself.

National Farmers Union v. Crow Tribe, 471 U.S. at 855-56, 105 S.Ct. at 856.

In Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987), the Supreme Court reiterated the need for non-Indians to exhaust tribal remedies in civil cases before seeking review in federal court.

> Regardless of the basis for jurisdiction, the federal policy supporting the tribal self-government directs a federal court to stay its hand in order to give the tribal court a "full opportunity to determine its own jurisdiction."
> * * *
> At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts.

Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. at 16-17, 107 S.Ct. at 976-77 (citations omitted).

In Greywater v. Joshua, 846 F.2d 486, 488 (8th Cir. 1988), the United States Court of Appeals for the Eighth Circuit first addressed the exhaustion of tribal court remedies in a criminal case. In Greywater, enrolled members of the Turtle Mountain Band of Chippewa

6

Indians sought habeas relief challenging the Devils Lake Sioux Tribe's assertion of criminal jurisdiction to prosecute nonmembers. The Eighth Circuit held that exhaustion of tribal court remedies was not required. Greywater v. Joshua, 846 F.2d at 488. The Eighth Circuit determined that the Supreme Court's decision in National Farmers Union v. Crow Tribe did not apply because National Farmers Union stemmed from a civil proceeding. Id.

The Greywater panel next considered the United States Supreme Court's decision in Oliphant v. Suquamish Indian Tribe, 435 U.S. 191, 212, 98 S.Ct. 1011, 1022-23, 55 L.Ed.2d 209 (1978), which held that tribal courts do not have the power to assume criminal jurisdiction over non-Indians. Nine days after the decision in Oliphant, the Supreme Court issued its opinion in United States v. Wheeler, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), which considered whether it was double jeopardy to try a tribal member in both tribal court and federal court for the same crime. In discussing the sovereign power of Indian tribes, the Supreme Court stated in Wheeler that tribes "cannot try nonmembers in tribal courts. Oliphant v. Suquamish Indian Tribe, 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209." United States v. Wheeler, 435 U.S. at 326, 98 S.Ct. at 1087-88. The Greywater panel acknowledged that the Supreme Court may not have meant what it said in quoting Oliphant (clearly that is not the holding of Oliphant), but held that the Devils Lake Tribe did not have jurisdiction to try nonmembers and therefore petitioners need not exhaust tribal court remedies prior to seeking relief under 25 U.S.C. § 1303. Greywater v. Joshua, 846 F.2d at 488. Further, the Eighth Circuit held that it would have been futile to require petitioners to exhaust tribal court remedies because it was clear that they would not receive a fair hearing in tribal court. Greywater v. Joshua, 846 F.2d at 488-89.

In 1990, the United States Supreme Court held that Indians tribes cannot exercise criminal jurisdiction over "non-member Indians." Duro v. Reina, 495 U.S. 676, 694, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990). Within months, Congress amended the Indian Civil Rights Act to define who are Indians that are subject to tribal court jurisdiction. Pub. L. No. 102–137.

> Congress amended the definition of the tribes' "power of self-government" to "recognize[ ] and affirm[ ]" the "inherent power of Indian tribes . . . to exercise criminal jurisdiction over all Indians." 25 U.S.C. § 1301(2). Coined the " Duro-fix," the 1990 Amendments restored the tribes' inherent power to prosecute nonmember Indians for misdemeanors.

7

*United States v. Lara*, 541 U.S. 193, 199, 124 S.Ct. 1628, 158 L.Ed.2d 420 (2004); id. at 215-16, 124 S.Ct. 1628 (Thomas, J., concurring).

Eagle v. Yerington Paiute Tribe, 604 F.3d 1161, 1163 (9th Cir. 2010). The so-called Duro-fix does not allow lower courts to continue to rely on the rationale of Greywater v. Joshua.

Stymiest maintains that, since he is not an Indian, he is not required to exhaust tribal court remedies. "'Indian' means any person who would be subject to the jurisdiction of the United States as an Indian under section 1153 of Title 18 if that person were to commit an offense in Indian country to which that section applies." 25 U.S.C. § 1301(4), as amended by Pub. L. No. 101-511, § 8077 (1990). Means v. Northern Cheyene Tribal Court, 154 F.3d 941, 944 (9th Cir. 1998).

Stymiest's petition creates somewhat of a circular problem. The Rosebud Sioux Tribal Court had jurisdiction to prosecute him for misdemeanor offenses if he was an "Indian" for purposes of 18 U.S.C § 1153. Defendant is an "Indian" for the purposes of 18 U.S.C § 1153 if, *inter alia*, a tribe recognizes him as an Indian. Arguably, he was not recognized by an Indian tribe as an Indian for the purposes of § 1153 until the Rosebud Sioux Tribal Court asserted jurisdiction over him by prosecuting him for tribal misdemeanor offenses. The tribal court's jurisdiction to prosecute Stymiest is more complicated because, as shall be evident below, Stymiest subjected himself to tribal court jurisdiction - that is, he claimed to be an Indian and did not object to the Rosebud Sioux Tribal Court's jurisdiction.

The evidence at Stymiest's federal criminal trial showed that, when he was arrested for the federal assault resulting in serious bodily injury, Stymiest told tribal officers that he was an Indian and that he was a tribal member of the Leech Lake Band. A Rosebud Sioux Tribe prosecutor testified at Stymiest's federal criminal trial regarding the tribal court's prior exercise of jurisdiction over him.

> Ayers explained that the tribal code prohibits her office from prosecuting non-Indians, but it is possible for a non-Indian to be prosecuted and convicted in tribal court if he does not object. Although the Rosebud Tribe has no jurisdiction to punish anyone but an Indian, *see Oliphant v. Suquamish Indian Tribe,* 435 U.S. 191, 211-12, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978), its "powers of self-government" included the power to prosecute non-member Indians such as Stymiest, if he was a Leech Lake Band Indian. *See* 25 U.S.C. § 1301(2).

8

United States v. Stymiest, 581 F.3d at 765. No Due Process violation occurs if a defendant does not timely dispute his Indian status in tribal court. Eagle v. Yerington Paiute Tribe, 603 F.3d 1161, 1165 (9th Cir. 2010).

The Eighth Circuit has not published an opinion addressing exhaustion of tribal court remedies before seeking habeas relief from tribal court criminal jurisdiction since the ICRA was amended to make it clear that tribal courts do have jurisdiction to prosecute non-Indians for misdemeanors. The United States Supreme Court's decision in Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987), although it addressed civil jurisdiction, is still instructive - this court should stay its hand in order to give the tribal court a "full opportunity to determine its own jurisdiction."

The Rosebud Sioux Tribal Court must, in the interests of comity, be given an opportunity to determine whether in fact it did have jurisdiction to prosecute Stymiest.

Now, therefore,

IT IS ORDERED:

1. Petitioner's application, Doc. 2, to proceed without the prepayment of fees is granted. Petitioner, however, shall pay, through the Clerk of Courts in Pierre, South Dakota, the $5.00 statutory filing fee for the above-captioned habeas action.

2. The petition for a writ of habeas corpus pursuant to 25 U.S.C. § 1303 is dismissed without prejudice to allow petitioner to exhaust any tribal court remedies he may have.

Dated this 18th day of March, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____ DEPUTY
(SEAL)