UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
APR 14 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MATTHEW DAVID STYMIEST, | \* | CIV 14-3001 |
| Petitioner, | \* | |
| | \* | OPINION AND ORDER |
| -vs- | \* | DENYING MOTION |
| ROSEBUD SIOUX TRIBE, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of assault resulting in serious bodily injury and sentenced to 110 months custody. He filed a petition for a writ of habeas corpus pursuant to 25 U.S.C. § 1303, the enforcement provision of the Indian Civil Rights Act of 1968 ("ICRA"), Pub. L. 90-284, 25 U.S.C. §§ 1301 *et seq.*, challenging three tribal court convictions on the basis that the Rosebud Sioux Tribe did not have jurisdiction to prosecute him because he was not an Indian. He also seeks a ruling that the Rosebud Sioux Tribe does not have jurisdiction to prosecute him in the future for the conduct comprising his federal assault conviction even though his federal crime took place on the Rosebud Indian Reservation.

I denied the petition for a writ of habeas corpus pursuant to 25 U.S.C. § 1303, without prejudice to allow petitioner to exhaust any tribal court remedies he may have. He has filed a motion to correct that order pursuant to Fed. R. Civ. P. 59(e), or pursuant to any other appropriate rule. "[A]ny motion that draws into question the correctness of the judgment is functionally a motion under [Fed.R.Civ.P. 59(e)], whatever its label." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996).

> A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure is intended to correct manifest errors of law or fact or to present newly discovered evidence. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998) *(citing Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988), *cert. denied*, 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988)).

Knish v. Stine, 347 F.Supp.2d 682, 685-86 (D. Minn. 2004), *accord*, Curtis v. NID PTY, Ltd., 248 F.Supp.2d 836, 837 (S.D. Iowa 2003).  Petitioner has identified no manifest error of law in the order denying his petition for a writ of habeas corpus.

Petitioner's motion states no basis for relief which was not already addressed and rejected in my previous order.

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 7, to correct is denied.

Dated this 11th day of April, 2014.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Paepke*
DEPUTY
(SEAL)